David H. Pingree Secretary Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Does the Department of Health and Rehabilitative Services have the authority to expend or use money or other property held in trust on behalf of individual patients or inmates at the Florida State Hospital to purchase the services of a senior companion program provided by a nonprofit corporation?
SUMMARY:
The Department of Health and Rehabilitative Services, as trustee, or the division director `under whose supervision such patient or inmate comes,' to whom the department has delegated its authority and duty as such trustee, is authorized by statute to receive, administer, and disburse the money or other property of individual patients to meet their current needs or for their personal use or benefit. Whether such disbursements should be made to procure for an individual patient the types of services offered by Grandpeople Incorporated must be made on an individual, case-by-case basis. This determination must be made on the basis of the individual patient's needs and for that patient's benefit. Lump-sum disbursements made in order to meet the minimum funding requirements of a nonprofit corporation are not authorized by the terms of the statute.
As your predecessor stated, the Senior Companion Program is a federally created and partially funded service. The program is designed to provide companionship for hospital patients, including such services as writing letters for the patient, accompanying the patient on walks, developing leisure time skills and hobbies for the patient, and other worthwhile services. Grandpeople Incorporated, a private nonprofit corporation, is a potential sponsor of the program. Grandpeople's `goals are primarily to provide assistance to disadvantaged persons by utilizing elderly people as a resource within the community.' Grandpeople proposes to establish a Senior Companion Program at Florida State Hospital by utilizing three funding sources: A federal grant; social security benefits accruing to individual patients; and funds from patients' personal accounts, together with in-kind services from the hospital. You question whether statutory authority exists for the Department of Health and Rehabilitative Services to disburse individual patients' funds which are held in trust for the personal use and benefit or needs of the individuals for the purpose of purchasing the services of the Senior Companion Program.
Section 402.17(2), F. S., provides statutory authorization for the department to receive and administer as a trust any money or other property belonging to individual patients for their personal use and benefit as such needs may exist from time to time. Section402.17, in relevant part, provides that the Department of Health and Rehabilitative Services:
 [S]hall administer money and other property received for the personal benefit of such patients or inmates. . . . The department is empowered to perform the following acts:
 (2) MONEY OR OTHER PROPERTY RECEIVED FOR PERSONAL USE OR BENEFIT OF ANY PATIENT OR INMATE. —
 (a) Accept and administer as a trust any money or other property received for personal use or benefit of any patient or inmate;
 (b) Deposit money so received in banks qualified as state depositories;
 (c) Withdraw any such money and use the same to meet the current needs of the patient or inmate as they may exist from time to time;
 (d) As such trustee to establish savings accounts, demand deposits, or time deposits, or invest in the manner authorized by law for fiduciaries such moneys not required to be used for current needs of the patient or inmate;
 (e) To commingle such moneys for the purpose of deposit or investment. (Emphasis supplied.)
And subsection (7) provides:
 (a) Subject to the approval of the Department of Health and Rehabilitative Services, the Divisions of Youth Services, Retardation, or Mental Health may deposit any funds of children, patients, or residents in their possession in any bank in the state or may invest or reinvest such funds in bonds or obligations of the United States for the payment of which the full faith and credit of the United States is pledged. For purposes of deposit only, the funds of any child, patient, or resident may be mingled with the funds of any other children, patients, or residents.
 (b) The interest or increment accruing on such funds shall be deposited in the appropriate welfare trust fund of the Divisions of Youth Services, Retardation, or Mental Health.
This statute evinces a legislative intent to grant to the department, as a trustee, the authority to administer and disburse the money or other property of individual patients. Such authority is accompanied by a fiduciary duty or responsibility to the individual patient to use such money or property only for the singular and `personal use or benefit of [the] patient' and `to meet the current needs of the patients.' Section 402.17(2)(a) and (c), F. S. Cf. AGO 076-201 in which this office concluded that
 interest earned on trust funds of an individual retarded client of an institution under the jurisdiction of the Department of Health and Rehabilitative Services is the property of the individual client to be used or conserved for the personal use or benefit of the individual client as provided in s. 402.17(2), F. S. . . . .
And see s. 393.13, F. S., entitled `The Bill of Rights of Retarded Persons,' which provides in subparagraphs (3)(d)1. and 2.:
 1. All money belonging to a client held by the [department] shall be held in compliance with subsections 402.17(2) and (7).
 2. All interest on money received and held for the personal use and benefit of a client shall be the property of that client and shall not accrue to the general welfare of all clients or be used to defray the cost of residential care. Interest so accrued shall be used or conserved for the personal use or benefit of the individual client as provided in subsection 402.17(2).
The first principle in the administration and disbursement or investment of these individual patients' funds, therefore, is that the department, as trustee, must, in fulfilling its fiduciary obligation, ensure that the use or disbursement of such personal funds is in the best personal interests of the individual patient and made for such individual's personal benefit or use.
It is cautioned that the expenditure of moneys derived from federal sources for the use of individual patients, for example, from the Social Security Administration, must comply with applicable federal rules and regulations. This opinion is limited to a consideration of the fiduciary duties or obligations imposed by s. 402.17(2) and (7), F. S. Also, when a legal guardian has been appointed, such guardian should be consulted and his consent obtained before the disbursement of a patient's funds is made for the purposes of funding the Senior Companion Program or purchasing services provided through such program for individual patients.
Your predecessor stated in his letter of inquiry that `[i]n return for their service the Senior Companions receive a number of benefits including a non-taxable stipend of $32 per week, an annual physical examination, transportation to and from the volunteer site or station, accident and liability insurance, and most of all a feeling of purpose and importance.' And further that `[t]he purchase of these Senior Companion services is not only beneficial to the patient from the viewpoint of a service provided, but also beneficial on a cost effectiveness basis. This program will utilize the economies of scale in such a manner so as to drastically reduce the cost per unit of service.' The inquiry also notes that `the bulk of the funding for the program operation comes from the patients.' I must initially emphasize that such considerations are irrelevant in determining whether a particular use of a patient's money would be for the `personal use or benefit' of that patient. In fact, under certain circumstances such factors are antithetical to a proper determination by the department whether a particular disbursement is for the personal use or benefit of, or made to meet the current needs of, a particular individual. Such determination whether to use or disburse a patient's personal funds to procure the types of services made available by Grandpeople Incorporated must be made solely on the basis of that individual's needs and desires; lump-sum disbursements to fund the Senior Companion Program, no matter how laudable and worthwhile the overall program and services provided are, or considerations of `cost effectiveness' from the hospital administration's viewpoint or `economies of scale' and `cost per unit of service' (Emphasis supplied.), are not consistent with the fiduciary duty or obligation imposed by the enabling provisions of s. 402.17(2), F. S.
I therefore conclude that a decision whether to disburse patients' funds must be made on a case-by-case basis with the needs and interests of the individual as the paramount consideration. Such disbursement decision cannot be made on a group-funding basis in order to meet a minimum funding requirement of Grandpeople, Inc. The trust provisions of s. 402.17, F. S., are not in the nature of a general appropriation statute, but rather allow the department or its authorized agent to make a specific disbursement in a particular instance to `meet the current needs of the patient' or for such patient's `personal use or benefit.' Further, any decision to use a particular patient's money for the services offered by Grandpeople, Inc., must take into consideration the types of services offered and the specific needs and desires of that particular patient. For example, one patient may need only the letter writing service offered by the Senior Companion, another may require only company on afternoon strolls. Obviously, such patients should not be required to pay from their personal funds the same amount paid by patients utilizing the full repertoire of Grandpeople's services.
Your predecessor expressed concern that the proposed Senior Companion Program and the provisions of s. 402.17(2), F. S., might conflict with s. 394.459(2), F. S., which provides: `The policy of the state is that the department shall not deny treatment for mental illness to any person, and that no services shall be delayed at a receiving or treatment facility because of inability to pay.' The inquiry stated that the Budget Division of the Department of Administration in the course of a review questioned whether providing services, such as the Senior Companion Program, to patients who can afford to pay for them is in contravention of s. 394.459(2), `in that such services will not be available to patients who do not have sufficient funds in their personal trust accounts to afford the services.' [Letter of inquiry.]
Section 394.459(2), F. S., does not expressly or impliedly limit, modify, or repeal s. 402.17(2), F. S., and cannot therefore control over s. 402.17(2), unless it is in irreconcilable conflict with and later in time than s. 402.17(2). No such conflict is present and, therefore, any statutory construction in this regard is unwarranted. Section 402.17(2), among other things, imposes a trust on the Department of Health and Rehabilitative Services, acting through the Florida State Hospital, with the accompanying fiduciary duty to individual patients or inmates to receive, administer, and use an individual's money or other property to meet that individual's current needs or for such patient's personal use or benefit. To construe s. 394.459(2) as prohibiting the disbursement and use of an individual patient's trust funds for his or her personal interests or benefits or needs unless all patients had such funds available would nullify the fiduciary charge of s. 402.17(2). Such a strained statutory construction is not only unwarranted but flies in the face of the clear, express legislative intent and direction of s. 402.17(2). Cf. s.394.459(4)(b), which itself countenances the fact that some patients can afford, and should be allowed, to secure services not available to other patients.
In consideration of your inquiry and the statutory enabling legislation, it is therefore my conclusion that s. 402.17(2), F. S., authorizes the Department of Health and Rehabilitative Services, as trustee, or the division director `under whose supervision such patient or inmate comes' (s. 402.17) to whom the department has delegated its authority and duty as such trustee, to receive, administer, and disburse the money or other property of individual patients to meet their current needs or for their personal use or benefit. Whether such disbursements should be made to procure for an individual patient the types of services offered by Grandpeople Incorporated must be made on an individual, case-by-case basis. This determination must be made on the basis of the individual patient's needs and for that patient's benefit. Lump-sum disbursements made in order to meet the minimum funding requirements of a nonprofit corporation are not authorized by the terms of s. 402.17.
Prepared by:
Craig B. Willis Assistant Attorney General